UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE LUIS RIVERA,                                      :

                Plaintiff,               :

        -against-                          :   **REPORT AND RECOMMENDATION**

POLICE OFFICER ERIC FEDERLIN, 46th PCT,   :        08 Civ. 7293 (PAC)(KNF)

                Defendant.              :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Jose Luis Rivera ("Rivera") commenced this action, pursuant to 42 U.S.C. § 1983, alleging that he was arrested falsely and injured by Police Officer Eric Federlin ("Federlin")[1]. Rivera alleged that, on September 5, 2007, as he was performing his superintendent duties, at 2024 Creston Avenue, Bronx, New York, he was met by Federlin and Police Officer Jessica Meza ("Meza"), in connection with an accusation by a tenant, "Murrey Hilton" ("Hilton"), that Rivera was harassing him. According to Rivera, Federlin punched him in the face while attempting to handcuff Rivera, after Rivera tried to obtain Federlin's name. Rivera alleges that, after he was arrested, Federlin refused to lock his apartment or give his keys to another tenant; as a result, his apartment was burglarized.

Before the Court is the defendant's motion for summary judgment, made pursuant to

---

[1] According to the defendant's declaration, in support of his motion for summary judgment, his last name is Federlein. The Court will refer to the defendant by using the defendant's name as indicated in the complaint.

Rule 56 of the Federal Rules of Civil Procedure. In support of his motion, Federlin submitted, inter alia, a Local Civil Rule 56.1 statement of undisputed facts, supported by admissible evidence. The plaintiff failed to submit an opposing Local Civil Rule 56.1 statement. The following facts are undisputed:

On September 5, 2007, at approximately 1:15 p.m., Federlin and his partner, Meza, responded to 2024 Creston Avenue, Bronx New York, following a call from the 911 dispatcher concerning an assault. Hilton met Federlin and Meza at the location and they verified that he was the 911 caller. Federlin, Meza and Hilton entered the building. They encountered Rivera on the second floor landing. The officers confirmed Rivera's identity as the superintendent of the building. Federlin questioned Rivera about Hilton's accusation of harassment. Rivera became belligerent, yelled and screamed. At that point, Hilton explained to the officers that he had a prior complaint against Rivera for menacing him with an axe. Federlin then placed Rivera under arrest. Rivera resisted by, inter alia, refusing to allow both hands to be handcuffed and turning away from Federlin. When Federlin attempted to handcuff Rivera, Rivera struggled. In an attempt to handcuff Rivera, Federlin placed him against a wall and, subsequently, took him to the ground. Another tenant of the building told Rivera to "stop resisting, stop resisting." During the struggle between Rivera and Federlin, Rivera struck Federlin in the face. Federlin then struck Rivera once in the area of his forehead to gain compliance. After the force was applied, Rivera released his other hand and allowed Federlin to place handcuffs on both his hands. An ambulance arrived at the scene, and Rivera refused treatment by Emergency Medical Services ("EMS"). EMS transported Rivera to St. Barnabas Hospital, where he refused medical and psychiatric treatment. Following Rivera's arrest, he was prosecuted criminally for the following offenses in connection with Hilton's August 30, 2007 complaint: three counts of burglary; one

count of menacing; one count of criminal trespass and one count of criminal possession of a weapon. Rivera was also prosecuted for the following offenses in connection with the September 5, 2007 events: two counts of assault, one count of resisting arrest, one count of obstructing governmental administration and one count of harassment. On June 18, 2009, after a bench trial, Rivera was convicted for second-degree harassment of Federlin. On November 23, 2010, the New York State Supreme Court, Appellate Division, First Department, affirmed Rivera's conviction.

In his motion, Federlin contends that Rivera's false arrest claim is barred by his second-degree harassment conviction, resulting from the September 5, 2007 incident, because that conviction establishes that probable cause for the arrest existed at the time the arrest was effected. According to Federlin, even absent Rivera's conviction, probable cause existed to arrest Rivera, based on the information provided to him by Hilton. Federlin also contends that Rivera's excessive use of force claim must be dismissed because Federlin's use of force was reasonable under the circumstances, since Rivera resisted being handcuffed and struck Federlin, posing a threat to his safety and that of others. Federlin maintains that Rivera's malicious prosecution claim must be dismissed because Federlin did not initiate the prosecution in connection with the August 30, 2007 incident; rather, it was Hilton who made the allegations with respect to August 30, 2007. Moreover, Rivera's malicious prosecution claim in connection with the September 5, 2007 incident must fail because Federlin had probable cause to arrest him and he was found guilty for second-degree harassment of Federlin. Furthermore, Federlin contends, he is entitled to qualified immunity, because any force he used was necessary to ensure the safety of the officers involved and others present at the scene and to stop Rivera from resisting arrest. In his opposition to the motion, Rivera failed to address Federlin's arguments.

## DISCUSSION

*Legal Standard*

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue as to any material fact exists, a "district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir. 2000). Additionally, "the court is not entitled to weigh the evidence" and "if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Id.

To establish a false arrest claim in New York, under Section 1983, a plaintiff must show that "the defendant intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" Id. (citation omitted). "In general, probable cause to arrest exists when the officers have knowledge . . . of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Id. To establish a constitutional claim of excessive use of force, a plaintiff must show that the force used by the officer was objectively unreasonable in light of the facts and circumstances confronting him, regardless of the officer's underlying intent. See Nimely v. City of New York, 414 F.3d 381, 390 (2d Cir. 2005). To sustain a Section 1983 malicious prosecution claim in New York, a plaintiff must show that: (1) the defendant initiated or continued a criminal proceeding against him; (2) the proceeding was terminated in the plaintiff's favor; (3) no probable cause existed for

the proceeding; and (4) the proceeding was instituted with malice. See Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003).

*Application of Legal Standard*

The undisputed facts demonstrate that, based on the information provided to Federlin by Hilton, that Rivera harassed him and that Hilton had a prior complaint against Rivera for menacing him with an axe, Federlin possessed reasonably trustworthy information sufficient to permit him to believe that Rivera was acting unlawfully and to effect Rivera's arrest. Rivera's false arrest claim, based on the ground that Hilton provided false information to Federlin, is barred because the undisputed facts show that probable cause existed for Rivera's arrest. Rivera cannot establish an excessive use of force claim against Federlin because the undisputed facts demonstrate that Federlin's use of force was reasonable, under the circumstances in which Rivera: (i) resisted when Federlin attempted to handcuff him; and (ii) struck Federlin in the head. Moreover, Rivera cannot establish his malicious prosecution claim because the undisputed facts show that: (a) the prosecution arising out of the September 5, 2007 incident resulted in Rivera's conviction; (b) probable cause existed for the criminal proceeding against Rivera; and (iii) malice played no role in the determination to institute the criminal proceeding against Rivera in connection with the September 5, 2007 events. Since the undisputed facts demonstrate that Rivera cannot establish his claims, no need exists to analyze the defense of qualified immunity, and judgement as a matter of law, in favor of the defendant, is warranted.

**RECOMMENDATION**

For the foregoing reasons, I recommend that the defendant's motion for summary judgment, Docket Entry No. 48, be granted.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
September /9, 2011

Copies mailed to:

Jose Luis Rivera
Baree Nicholas Fett, Esq.

Respectfully submitted:

*[signature]*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

6