UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                          :

JOSE LUIS RIVERA,                    :

                Plaintiff,       :      08 Civ. 7293 (PAC) (KNF)

      -against-              :      ORDER ADOPTING R&R

POLICE OFFICER ERIC FEDERLIN,  :
46th PRECINCT,
                Defendant.      :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Jose Luis Rivera ("Rivera") brings this suit, pursuant to 42 U.S.C. § 1983, for false arrest, excessive use of force, and malicious prosecution, against Police Officer Eric Federlein ("Federlein").[1] Federlein moves for summary judgment.

The Court has reviewed Magistrate Judge Kevin N. Fox's Report and Recommendation ("R&R") dated September 19, 2011, as well as Rivera's objections filed on October 28, 2011. For the reasons that follow, the Court adopts Magistrate Judge Fox's R&R in its entirety; and grants Federlein's motion for summary judgment.

## BACKGROUND

**I. The Facts[2]**

On September 5, 2007, at approximately 1:15 p.m., Officer Federlein and his partner, Officer Meza (collectively, the "Officers"), responded to a 911 call reporting an assault at 2024 Creston Avenue, Bronx, New York. Upon arriving at the scene, the Officers met Hilton, the tenant who made the 911

---

[1] While Rivera spells the defendant's last name "Federlin" the Court will refer to the defendant as "Federlein," which is the spelling reflected in the defendant's declaration.

[2] Unless otherwise noted, these facts are taken from the R&R. In support of his motion for summary judgment, Federlein submitted a statement of material facts that are not in dispute and notified Rivera of the requirements of Fed.R.Civ.P. 56 and Local Civ. R. 56.1. Rivera failed to submit a counter-statement, and so Magistrate Judge Fox took Federlein's facts as undisputed. (R&R 2); see Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003). The Magistrate Judge nonetheless conducted a thorough review of the record to determine whether there is any genuine dispute of material facts and the District Court does so as well.

1

call. The Officers and Hilton entered the building and encountered Rivera on the second floor landing. Federlein questioned Rivera about Hilton's accusation of harassment. Rivera was uncooperative and argumentative.[3] Hilton explained to the Officers that he had a prior complaint against Rivera for menacing him with an axe. Federlein then attempted to place Rivera under arrest. Rivera resisted by, inter alia, walking away, refusing to allow both hands to be handcuffed, and turning away from Federlein. A struggle ensued. Federlein placed Rivera against a wall and, subsequently, took him to the ground. A building tenant told Rivera to "stop resisting, stop resisting." During the struggle, Rivera struck Federlein in the face and Federlein struck Rivera once in the forehead to gain compliance.[4] After force was applied, Rivera allowed Federlein to place handcuffs on both his hands.

Following Rivera's arrest, he was charged with two counts of assault, one count of resisting arrest, one count of obstructing governmental administration and one count of harassment relating to the these September 5, 2007 events. On June 18, 2009, after a bench trial, Rivera was convicted of second-degree harassment of Federlein. On November 23, 2010, the New York State Supreme Court, Appellate Division, First Department, affirmed Rivera's conviction.

**II. Procedural History**

On August 18, 2008, Rivera filed his 1983 Action against Federlein in this Court. On August 25, 2008, this Court referred the case to Magistrate Judge Fox for general pretrial and dispositive motions. (Dkt. No. 3). On March 3, 2010, the Court denied Federlein's motion to dismiss but held that Rivera would be precluded from offering eyewitness testimony at trial and permitting a jury to draw an adverse inference regarding Rivera's refusal to provide medical releases.

---

[3] Rivera's own statements show he was uncooperative and argumentative with the Officers. (See e.g., Fett Decl. Ex. F. 22-23). Federlein also claims that Rivera became belligerent, yelled, and screamed. (See 56.1 Stmt. ¶ 8.) Rivera contests this fact in his objections, as discussed below.

[4] There is no dispute that both Federlein and Rivera struck each other once in the head. There may be a factual dispute regarding the sequence of the hits. Federlein claims to have struck Rivera after Rivera struck him. (See Federlein Br. 10.) Rivera's testimony suggests that he struck Federlein after Federlein struck him. (See Fett Decl. Ex. F. 31-33).

On April 4, 2011, Federlein moved for summary judgment. On September 19, 2011, Magistrate Judge Fox issued a R&R recommending that the Court grant Federlein's motion for summary judgment. On October 28, 2011, Rivera filed his objections to the R&R.

**III. Magistrate Judge Fox's Report and Recommendation**

Magistrate Judge Fox recommended that summary judgment be granted for Federlein on Rivera's false arrest, excessive force and malicious prosecution claims.

    a. <u>False Arrest</u>

To establish a false arrest claim in New York, under Section 1983, a plaintiff must show that "the defendant intentionally confined him without his consent and without justification." <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" <u>Id.</u> (citation omitted). "In general, probable cause to arrest exists when the officers have knowledge . . . of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." <u>Id.</u>

Magistrate Judge Fox found that "Federlein possessed reasonably trustworthy information sufficient to permit him to believe that Rivera was acting unlawfully and to effect Rivera's arrest." (R&R 5). Specifically, Hilton, the 911 caller, provided Federlein with information that Rivera harassed him and had previously menaced him with an axe.

    b. <u>Excessive Use of Force</u>

To establish a constitutional claim of excessive use of force, a plaintiff must show that the force used by the officer was objectively unreasonable in light of the facts and circumstances confronting him, regardless of the officer's underlying intent. <u>See Nimely v. City of New York</u>, 414 F.3d 381, 390 (2d Cir. 2005). Magistrate Judge Fox found that Rivera could not establish an excessive use of force claim against Federlein because "the undisputed facts demonstrate that Federlein's use of force was

reasonable, under the circumstances in which Rivera: (i) resisted when Federlein attempted to handcuff him; and (ii) struck Federlein in the head." (R&R 5.)

Based on the Court's review of the entire record, there may be a question of whether Federlein struck Rivera first, or the other way around, but even if Federlein punched first his use of force was still reasonable. It is undisputed that the Officers were responding to a 911 call regarding an assault and had reason to believe Rivera previously menaced a tenant with an axe. The record clearly reflects that Rivera was uncooperative, non compliant with the Officers' requests, and argumentative. Rivera admits that he walked away from the Officers at least twice; and when the Officers tried to arrest Rivera, he pulled away from the them, struggled, and entered into a scuffle or a fight while another tenant yelled "stop resisting." (Fett Decl. Ex. F. 26-30, 75.) Rivera created a risk to Federlein's safety which was both real and imminent. Officer Federlein's "decision to use his [fist] to protect himself and subdue an arrestee he perceived to be actively resisting was therefore a reasonable response." Tracy v. Freshwater, 623 F.3d 90, 97 (2d Cir. 2010) (affirming dismissal of an of excessive force claim at summary judgment where an officer hit the plaintiff with a flashlight because the officer suspected plaintiff was a fugitive and plaintiff made quick movements as the officer attempted to effect the arrest). Accordingly, as Magistrate Judge Fox found, Rivera's excessive arrest claim fails.

    c. Malicious Prosecution

To sustain a Section 1983 malicious prosecution claim in New York, a plaintiff must show that: (1) the defendant initiated or continued a criminal proceeding against him; (2) the proceeding was terminated in the plaintiff's favor; (3) no probable cause existed for the proceeding; and (4) the proceeding was instituted with malice. See Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). Magistrate Judge Fox found that, "because the undisputed facts show that: (a) the prosecution arising out of the September 5, 2007 incident resulted in Rivera's conviction; (b) probable cause existed for the criminal proceeding against Rivera; and (iii) malice played no role in the determination to institute the

4

criminal proceeding against Rivera in connection with the September 5, 2007 events," Rivera cannot establish his malicious prosecution claim.

          d.   <u>Qualified immunity</u>

Having determined that "the undisputed facts demonstrate that Rivera cannot establish his claims," Magistrate Judge Fox held there was "no need exists to analyze the defense of qualified immunity." (R&R 5).

## DISCUSSION

**I. Standard of Review**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the recommendation to which there is no "specific, written objection," as required under Fed. R. Civ. P. 72(b), as long as those sections are not clearly erroneous. (<u>Id.</u>) When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues <u>de novo</u>. Hynes v. Squillace, 143 F.3d 653, 656 (2d. Cir. 1998).

On October 28, 2011, Rivera filed objections to Magistrate Judge Fox's R&R. Accordingly, the Court reviews Rivera's specific objections <u>de novo</u>.

**II. Rivera's Objections to the R & R**

Rivera objects to the finding that he was "rude, loud, argumentative and resisting arrest." (Obj. 1.) He also argues that he was "passive" and "respectful" while Federlein twisted his arm and punched him in the face. (Obj. 1-2.) Even if Rivera tries to raise questions as to whether he was "rude" and "loud" (<u>see</u> <u>supra</u> n.3), the entire record supports the conclusion that Rivera was "argumentative" and "resisting arrest." (<u>See</u> <u>e.g.</u>, Fett Decl. Ex. F. 26-33, 75.) As discussed above, by Rivera's own account he walked away from the Officers at least twice; and when the Officers tried to arrest Rivera, he pulled away from them, struggled, and entered into a scuffle and punched Federlein. (Fett Decl. Ex. F. 26-30, 75.) This is sufficient evidence to find Federlein's use of force was reasonable, as discussed above.

5

Rivera alleges for the first time that it was he, not Hilton, who "made [the] call for police" and that he "expected to be helped not assaulted." (Obj. 1). This is not an objection but a new factual allegation that was not raised before Magistrate Judge Fox, and will not be considered by the Court now. See Forman v. Artuz, 211 F. Supp. 2d 415, 419 n.8 (S.D.N.Y. 2000).

Rivera raises no objection to Magistrate Judge Fox's recommendation that Rivera's false arrest and malicious prosecution claims be dismissed. The Court has reviewed these portions of the R&R for clear error and finds none.

## CONCLUSION

The Court adopts Magistrate Judge Fox's R&R in its entirety. Federlein's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment and close this matter. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
December 2, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies to:   Honorable Nathaniel Fox
             United States Magistrate Judge

             Jose Rivera
             c/o Lydia Valentin
             P.O. Box 112
             Bronx, NY 10456

             David Hazan
             Baree N. Fett
             New York City Law Department
             100 Church Street
             New York, NY 10007

6